JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Reno Rudi

**DEFENDANTS**
Legal Prevention Services, LLC and John Cordova, individually

**(b)** County of Residence of First Listed Plaintiff  Philadelphia PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Erie NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason Rettig
100 W. Monument Ave
Hatboro PA 19040
267-879-9054

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District (specify)  ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692
Brief description of cause:
FDCPA Violation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Statutory
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE  DOCKET NUMBER

DATE  2/25/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

LFR

UNITED STATES DISTRICT COURT

15.cv.902

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____

Address of Defendant: 485 Cayuga Rd Hanger Bay 4-2 Cheektowaga NY 14225

Place of Accident, Incident or Transaction: Philadelphia PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑
RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) FDCPA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jason Rettig, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 2/25/15   _____ Attorney-at-Law   200948 Attorney I.D.#

FEB 23 2015

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/25/15   _____ Attorney-at-Law   200948 Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Reno Rudi
v.
Legal Prevention Services LLC

CIVIL ACTION

NO. 15  902

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/20/15 | Jason Rettig | Reno Rudy |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-879-9054 | | rettiglaw@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


FEB 23 2015

$400.00

**LFR**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENO RUDI,<br>PLAINTIFF,<br><br>v.<br><br>LEGAL PREVENTION SERVICES, LLC,<br>and JOHN CORDOVA, individually,<br>DEFENDANTS | Case No. _15 902_<br><br>FILED<br>FEB 23 2015<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA").

### VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. The Plaintiff resides in this Judicial District.

### PARTIES

5. Plaintiff is a natural person, who at all relevant times resided in the State of Pennsylvania, County of Philadelphia.

6. Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

1



7. Plaintiff is a natural person allegedly obligated to pay any debt and is thus a "consumer" as defined by FCCPA §559.55(2).

8. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5). Specifically, Plaintiff believes the alleged debt is a credit card debt that was used for personal purposes.

9. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

10. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCCPA § 559.55(6).

12. Defendant Legal Prevention Services, LLC ("LPS") is a New York company believed to be operating from Erie County, New York.

13. Defendant LPS can be served at its location, 485 Cayuga Rd., Hangar Bay 4-2, Cheektowaga, NY 14225.

2

14. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

15. Defendant LPS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

16. Defendant John Cordova ("Cordova") is an individual who, as late as April 2012 is known to have been residing at 24 Nina Terrace, West Seneca, New York 14224.

17. Defendant Cordova is or was a principal officer and/or owner of Defendant LPS.

18. Defendant Cordova may be served wherever he may be found.

## FACTUAL ALLEGATIONS

19. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, Plaintiff believes the account was a medical loan.

20. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

21. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Defendant LPS for collection.

22. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. The Plaintiff disputes the Account.

3

24. The Plaintiff requests that Defendant LPS cease all further communication on the Account.

25. Defendant LPS's collector(s) were employee(s) of Defendant LPS at all times mentioned herein.

26. Defendant LPS acted at all times mentioned herein through its employee(s).

27. During the one year prior to the date of the filing of this Complaint, Defendant LPS and/or representative(s), employee(s) and/or agent(s) of Defendant LPS made telephone calls to the Plaintiff to collect the Account and Plaintiff made one or more return calls to Defendant LPS at which time(s) LPS attempted to collect the Account.

28. In one voicemail left by Defendant LPS on Plaintiff's telephone's voicemail system in approximately January 2015, Defendant said:

> This message is for Reno Rudi. This is Tori calling with Legal Prevention Services. I'm calling in regards to a pending claim that is being filed here in my office. Your claim number is US 279668. Please have you or your legal representative contact me back to provide your statement of intent at 866-413-2918 extension 203.

29. In a return call to Defendant LPS after receiving the voicemail referenced in Paragraph 31 above, Defendant LPS's employees told Plaintiff:

   a. "We retain the right to pursue a contract that was placed in our office."

   b. "Chain of title was forwarded."

   c. "You're account is in a pre-legal status."

   d. "We have an attorney on site that makes a decision."

   e. "We're wondering if we should work with you voluntarily or if we should take further action."

    f. When Plaintiff asked defendant "What does that mean?," Defendant replied, "What do you think that means? This is not a game or a joke."

    g. "When they purchased the debt, they reserved the right to litigate if need be."

    h. "Our job is to find out if your intentions are to resolve this on a voluntary basis."

    i. "The owners…decide if they want to pursue legally or not."

30. The Account defaulted in 2010 and any claim on the Account by the Account owner is, and was at the time of the voicemail referenced in paragraph 31 above, barred by the applicable statute of limitation.

31. Despite the fact that any legal action on the Account is barred by the applicable statute of limitation, Defendant's employees said the things described in Paragraphs 31 and 32 above in order to cause Plaintiff to believe that the filing of a lawsuit against him was immanent and to cause fear in Plaintiff in hopes that he would make a payment on the alleged, time-barred debt.

32. Because the statute of limitation bars any action on the Account, Defendant LPS's implication of legal action was false and misleading and deceptive because neither Defendant nor the owner of the Account has commenced and cannot commence legal action against Plaintiff.

33. Further, in both the voicemail referenced in paragraph 31 above and the conversation described in paragraph 32 above, Defendant failed to inform Plaintiff that the communication was from a debt collector and failed to inform Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be for used for the purpose of debt collection.

34. The voicemails and telephone calls with Plaintiff described herein conveyed information regarding the Account directly or indirectly to the Plaintiff.

35. Each voicemail and telephone call with Plaintiff described herein constituted a "communication" as defined by FDCPA § 1692a(2).

36. The only reason that Defendant LPS and/or representative(s), employee(s) and/or agent(s) of Defendant LPS communicated with Plaintiff was to attempt to collect the Account

37. The statements and actions of Defendant LPS and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692(d)(2)&(5) and 15 U.S.C. § 1692e(2)(A)&(3)&(5)&(10)&(11).

38. Defendant Cordova, upon information and belief, at all times relevant to the allegations herein, had direct control and oversight over the conduct of the employees of Defendant LPS complained of herein.

39. All of the conduct by Defendant LPS and Defendant Cordova and/or employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

40. As a consequence of Defendant LPS's and Defendant Cordova's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

41. The conduct of Defendant LPS and Defendant Cordova as described above was done knowingly and willfully and purposefully.

## RESPONDEAT SUPERIOR

42. The representative(s) and/or collector(s) at Defendant LPS were employee(s) of Defendant LPS and acted at the direction of Defendant Cordova at all times mentioned herein.

43. The representative(s) and/or collector(s) at Defendant LPS were agent(s) of Defendant LPS and Defendant Cordova at all times mentioned herein.

44. The representative(s) and/or collector(s) at Defendant LPS were acting within the scope and course of their employment and at the direction of Defendant Cordova at all times mentioned herein.

45. The representative(s) and/or collector(s) at Defendant LPS were under the direct supervision of Defendant LPS and under the supervision of Defendant Cordova at all times mentioned herein.

46. The representative(s) and/or collector(s) at Defendant LPS were under the direct control of Defendant LPS and under the control of Defendant Cordova at all times mentioned herein.

47. The actions of the representative(s) and/or collector(s) at Defendant LPS are imputed to their employer, Defendant LPS and to the owner of Defendant LPS, Defendant Cordova.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. The act(s) and omission(s) of Defendant LPS and Defendant Cordova and their representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(d)(2)&(5) and 15 U.S.C. § 1692e(2)(A)&(3)&(5)&(10)&(11).

7

50. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

51. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

52. Judgment in favor of the Plaintiff and against Defendant Legal Prevention Services, LLC and John Cordova as follows:

    a. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

    b. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

JASON M. RETTIG,    PABN 200948
100 WEST MONUMENT AVE
HATBORO, PA 19040
(267) 879-9054
Attorney for Plaintiff RENO RUDI

8